UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA RENA FINLEY,<br>Plaintiff,<br>v.<br>TRANSUNION, et al.,<br>Defendants. | Case No. 17-cv-07165-HSG<br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 58, 60, 76 |

Pending before the Court are two motions to dismiss: one by Plaza Services, LLC ("Plaza"), Dkt. No. 58, joined by Southwest Credit Systems, L.P. ("Southwest"), Dkt. No. 60; and the other by Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), Dkt. No. 76.

For the reasons explained below, the Court **GRANTS** the motions to dismiss, with leave to amend.[1]

## I. BACKGROUND

Plaintiff LaTonya R. Finley ("Plaintiff"), proceeding *pro se*, alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and related state laws. *See* Amended Complaint ("Am. Compl."), Dkt. No. 51.

Plaza and Southwest are "furnishers" of credit information under the FCRA, Am. Compl. ¶ 37, meaning that they provide information about consumers to credit reporting agencies. *See* 15 U.S.C. § 1681s–2. Equifax, Experian, and Trans Union are consumer reporting agencies ("CRAs") under the FCRA, Am. Compl. ¶ 36, meaning that they "regularly engage[] . . . in the practice of assembling or evaluating consumer credit information or other information on

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). For the sake of simplicity, the Court will refer to these five entities collectively as "Defendants"; Plaza and Southwest as "Defendant Furnishers"; and Equifax, Experian, and Trans Union as "Defendant CRAs."

### A. Factual Allegations

The following facts are taken from the complaint, which the Court must accept as true at the motion to dismiss stage. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). And though the Court holds a *pro se* plaintiff to less stringent standards than lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it does not accept as true allegations that are merely conclusory, *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Plaintiff has been "in a battle with [Defendants] to correct the inaccurate information that appears in [her] credit file." Am. Compl. ¶ 11. "Within the year of [her] repairing her credit file," Plaintiff's credit score "dropped significantly" despite having "no inquiries made, no new purchases, no late[] [payments] and recently pa[ying] off [her] vehicle." Am. Compl. ¶ 14. She notified Defendants of her disputes by "writing several letters . . . in the past year." Am. Compl. ¶ 11. But her credit score "has since dropped to the low 400[s]," and she is "being denied any approval." Am. Compl. ¶ 19. Plaintiff has suffered monetary loss, mental distress, and emotional anguish. Am. Compl. ¶ 27.

#### i. Allegations Against Plaza and Southwest

Defendant Furnishers have taken "illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff," including the "continued reporting of the debt to third parties." Am. Compl. ¶ 25. Defendant Furnishers are "third party collection [agencies] who ha[ve] no proof of validation of the debt and reported the debt to the credit bureaus." Am. Compl. ¶ 22. Plaintiff claims (in conclusory fashion) that Defendant Furnishers have violated the FCRA by "fail[ing] to properly investigate [her] account in response to the disputes made by Plaintiff." Am. Compl. ¶ 26.

#### ii. Allegations Against Equifax, Experian, and Trans Union

Plaintiff has been in communication with Defendant CRAs for two years, during which she

filed a complaint and obtained a settlement in which "inaccurate information" was removed. Am. Compl. ¶ 12. Nonetheless, Defendant CRAs have "failed to honor their own terms and conditions" of the settlement. *Id*. Plaintiff notified Defendant CRAs directly of disputes on the "completeness and/or accuracy" of her account. Am. Compl. ¶ 38. But Defendant CRAs have "failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes." Am. Compl. ¶ 39. Plaintiff asserts (again, in conclusory language) that Defendant CRAs have violated the FCRA because they "failed to maintain Plaintiff's account with maximum accuracy" and "failed to properly investigate the account in response to disputes made by Plaintiff." Am. Compl. ¶ 26.

### B. Procedural History

On December 18, 2017, Plaintiff filed her original complaint. Dkt. 1. On March 29, 2018, Equifax and Experian jointly filed a motion to dismiss the complaint, Dkt. No. 25, which Trans Union later joined, Dkt. No. 37. That same day, Plaza filed a separate motion to dismiss, Dkt. No. 36, later joined by Southwest. Dkt. No. 38.

After Defendants filed their respective replies, Plaintiff filed an amended complaint on April 27, 2018. Dkt. No. 51. Defendant CRAs jointly moved to strike the amended complaint. Dkt. No. 57. Plaza separately moved to strike the amended complaint or, in the alternative, dismiss it. Dkt. No. 58. Southwest later joined Plaza's motion. Dkt. No. 60.

On June 26, 2018, the Court denied both sets of Defendants' motions to strike and took Defendants' pending motions to dismiss under submission. Dkt. No. 75. On July 10, 2018, Defendant CRAs filed a joint motion to dismiss the amended complaint. Dkt. No. 76. Plaintiff did not respond to any of the motions to dismiss. Defendant CRAs replied on July 31, 2018. Dkt. No. 78.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the

3

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**III. ANALYSIS**

    **A. The Court Grants Plaza and Southwest's Motion to Dismiss Plaintiff's FCRA Claims**

Plaintiff claims that Defendant Furnishers violated Section 1681s–2 of the FCRA by "fail[ing] to properly investigate the account in response to the disputes made by Plaintiff." Am. Compl. ¶ 26. Defendant Furnishers contend in turn that Plaintiff's amended complaint "fails to allege facts that Plaza [and Southwest] violated the FCRA." Dkt. No. 58 at 3:4.

4

Under the FCRA, upon receiving notice from a credit reporting agency that a consumer disputes reported information, a furnisher has a duty to "conduct an investigation with respect to the disputed information" and modify, delete, or block the reporting of disputed items of information found to be "inaccurate or incomplete." 15 U.S.C. § 1681s–2(b)(1).

Here, Plaintiff's Section 1681s–2 claim fails because Plaintiff has not pled sufficient facts to establish that Defendant Furnishers engaged in inaccurate credit reporting. The amended complaint vaguely asserts that Plaintiff "has been in a battle with [Defendants] to correct the inaccurate information that appears in plaintiff's credit file." Am. Compl. ¶ 11. But Plaintiff does not explain what "inaccurate information" appears in her file. Likewise, the allegations that Defendant Furnishers have "failed to properly investigate the account in response to the disputes made by Plaintiff," Am. Compl. ¶ 26, are conclusory restatements of the law, without any supporting facts. The closest the amended complaint comes to a non-conclusory allegation is the claim that Defendant Furnishers have taken "illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff," including the "continued reporting of the debt to third parties." Am. Compl. ¶ 25. But nowhere does the amended complaint specify *what* the alleged debt is. Without more factual specificity as to what debt is allegedly in dispute and how Defendant Furnishers have allegedly failed to fulfill their duties under Section 1681s–2, there is insufficient "factual content" for the Court to "draw the reasonable inference" that Defendants are liable. *See Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has failed to meet the pleading standard and her claim must be dismissed.

The Court advises Plaintiff that if she chooses to re-plead her complaint, she should provide specific facts about what the alleged debt is, how the information in her credit file is inaccurate, how she disputed the alleged debt with Defendant CRAs, and whether Defendant CRAs provided notice of those disputes to Plaza and Southwest.

**B.    The Court Grants Equifax, Experian, and Trans Union's Motion to Dismiss Plaintiff's FCRA Claims**

Plaintiff alleges that Defendant CRAs "failed to maintain Plaintiff's account with maximum accuracy" and "failed to honor their own terms and conditions." Am. Compl. ¶¶ 12, 26.

In response, Defendant CRAs contend that Plaintiff's amended complaint must be dismissed because it contains "formulaic, conclusory allegations against Defendants devoid of any factual support to give Defendants fair notice of what inaccuracies as to what accounts they are allegedly reporting." Dkt. No. 76 at 1:15–17. In the alternative, Defendant CRAs assert that Plaintiff's claims are barred by res judicata. Dkt. No. 76 at 1:21–22.

The Court agrees with Defendant CRAs that Plaintiff's amended complaint does not plead enough facts to survive the motion to dismiss. Therefore, the Court need not (and based on the conclusory allegations, realistically cannot) determine at this juncture whether res judicata applies.

### i. § 1681e(b) and § 1681i

Although Plaintiff only explicitly alleges a violation of Section 1681e(b) against Defendant CRAs, Defendant CRAs "liberally construe" Plaintiff's allegations regarding "'disputes' and failure to conduct a 'reinvestigation' to allege a claim under § 1681i." Dkt. No. 76 at 2 n.4 (quoting Am. Compl. ¶¶ 38, 41). Both potential causes of action, however, fail because they consist almost entirely of bare, conclusory allegations that are insufficient to put Defendant CRAs on notice of the specific nature of Plaintiff's claims.

Section 1681e(b) of the FCRA requires consumer reporting agencies to prepare consumer reports in a way that assures "maximum possible accuracy." 15 U.S.C. § 1681e(b). Section 1681i, on the other hand, prescribes that consumer reporting agencies must "conduct a reasonable reinvestigation" into consumer disputes of inaccurate information. 15 U.S.C. § 1681i. As a threshold matter, "to sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotation marks and citation omitted); *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information.").

Here, the claims under both Section 1681e(b) and Section 1681i (to the extent Plaintiff is bringing one) fail because Plaintiff has not made the required prima facie showing of inaccurate reporting. The amended complaint consists primarily of phrases directly copied from the FCRA,

with little factual support to demonstrate how Defendant CRAs' alleged actions amount to a cognizable claim. For instance, Plaintiff alleges that she "has been in a battle with [Defendants] to correct the *inaccurate information* that appears in plaintiff's credit file." Am. Compl. ¶ 11 (emphasis added). But Plaintiff does not say *what* that information consists of or *how* it is inaccurate. Additionally, Plaintiff alludes to credit information being removed during prior litigation with Defendants in November 2014, then alleges that her credit score continued to drop from the low-600s to the mid-500s to the low-400s. Am. Compl. ¶¶ 13–19. But Plaintiff does not provide any separate factual allegations related to this subsequent harm to her credit score. Without factual specifics to support Plaintiff's claims of inaccurate reporting, the Court cannot "accept as true allegations that are merely conclusory." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. Therefore, the Court must dismiss these claims.

Again, the Court advises Plaintiff that if she chooses to re-plead her complaint, she should provide specific facts showing which accounts are at issue, what items of information are inaccurate, why Plaintiff believes they are inaccurate, when and how Plaintiff disputed the inaccuracies with Defendant CRAs, and how Defendant CRAs responded to Plaintiff's disputes.

### ii. Res Judicata

In addition, Defendant CRAs contend that Plaintiff's claims are barred by res judicata because the amended complaint "restates, verbatim, factual pleadings from [a] prior lawsuit" with Defendant CRAs. Dkt. No. 76 at 11 n.6. *Compare* Am. Compl. ¶¶ 13–17 *with* Complaint ¶¶ 11–15, *Finley v. Capital One, et al.*, No. 4:16-cv-01392-YGR, 2017 WL 2903141 (N.D. Cal. July 7, 2017), Dkt. No. 1. Without more specific factual allegations, however, the Court is unable to determine whether res judicata applies.

Res judicata, also known as claim preclusion, applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (internal quotation omitted). Courts determine the first element of whether there is an identity of claims by assessing four factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by

prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis omitted).

Here, Defendant CRAs contend that res judicata bars Plaintiff's suit because prior litigation with the Plaintiff over the same claims was resolved by settlement in 2016. *See Finley v. Capital One*, Case No. 4:16-cv-01392-YGR, Dkt. Nos. 47 (stipulated dismissal with Trans Union), 57 (stipulated dismissal with Experian), 83 (stipulated dismissal with Equifax). However, given the conclusory and non-specific nature of the allegations in both the instant case and the 2016 case, it is impossible to determine if there is an identity of claims, as required for res judicata. Nevertheless, should Plaintiff choose to amend her complaint again, she should not include any claims that have already been litigated and resolved in *Finley v. Capital One*, because those claims would be barred by res judicata.

### C. The Court Grants Defendants' Motions to Dismiss Plaintiff's State Law Claims

In addition to her federal law claims, Plaintiff has invoked this Court's diversity jurisdiction and pled state-law claims. *See* Am. Compl. ¶ 2 (alleging amount in controversy), ¶¶ 4–10 (alleging basis for complete diversity), ¶¶ 44–76 (state law causes of action). Plaintiff's state law claims—Count II (for Invasion of Privacy), Count III (for Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents), and Count IV (for Negligent, Wanton, and Intentional Conduct)—are, like her federal claims, dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

As Defendants correctly point out, Plaintiff's state law allegations are pleaded in the same conclusory fashion as Plaintiff's FCRA claims. Dkt. No. 76 at 13:6–12. For example, Plaintiff alleges in Count II that Defendants invaded her privacy by "engaging in the . . . illegal collection conduct" of "repeatedly and unlawfully attempting to collect a debt and/or falsely [report her] credit." Am. Compl. ¶¶ 47, 50. But the amended complaint does not specify what specific debt Defendants repeatedly attempted to collect or provide information about any instances of such collection attempts. The allegations supporting Counts III and IV are even more conclusory,

without any specific facts to support a cognizable legal theory. *See* Am. Compl. ¶¶ 45–76. Further, each of the three state causes of action reallege "all paragraphs of th[e] Complaint" without identifying which facts relate to which causes of action or to which Defendants. *See* Am. Compl. ¶¶ 44, 54, 59. This lack of specificity leaves the Court (and the Defendants) to guess which of the few facts alleged pertain to which causes of action. Accordingly, as currently pled, the state causes of action are wholly insufficient and fail to meet the applicable pleading standard, even when construed "in the light most favorable to the nonmoving party." *See Manzarek*, 519 F.3d at 1031.

Defendants also argue that Plaintiff's state law claims should be dismissed because they are categorically preempted by the FCRA. The Court need not wade into this preemption argument because it dismisses the claims for failing to meet the pleading standard. But it does observe that the applicable law is anything but clear. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166–67 (9th Cir. 2009) ("Attempting to reconcile [Sections 1681h(e) and 1681t(b)(1)(F)] has left district courts in disarray . . . . In the end, we need not decide this issue."). That said, the text of Section 1681h(e) provides that a plaintiff can still maintain state law claims for defamation, invasion of privacy, or negligence against a furnisher or CRA that provides "false information . . . with malice or willful intent to injure." *See* 15 U.S.C. § 1681h(e); *Gorman*, 584 F.3d at 1166–67 (explaining that some courts take the view that Section 1681h(e) trumps Section 1681t(b)(1)(F), therefore allowing state defamation claims to "proceed against creditors as long as the plaintiff alleges falsity and malice"). Of course, such claims must be pled with facts and not merely conclusory statements parroting the language of the statute.

In sum, the Court dismisses Plaintiff's state law claims for failing to meet the pleading standard.

### D. The Court Grants Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks and

citation omitted). A court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (quotation marks and citation omitted).

The Court finds that leave to amend is appropriate. Plaintiff is proceeding *pro se*, so her amended complaint must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Defendant CRAs argue that amendment would be futile in this case because "Plaintiff has tried and failed to correct the deficiencies identified in Defendants' prior motion to dismiss." Dkt. No. 76 at 15:6–7. The Court disagrees. Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik*, 963 F.2d at 1261. Here, the Court has not yet provided Plaintiff with notice of the deficiencies in her complaint because her amended complaint mooted the initial motions to dismiss. Therefore, despite the deficiencies in Plaintiff's amended complaint discussed above, the Court cannot say at this point that further amendment would be futile.

The Court again reminds Plaintiff that if she decides to amend her complaint, she must provide specific facts to support each of her causes of action against Defendants. She should also clearly distinguish between Defendants in her complaint and specify which facts and which claims are being brought against which Defendants.

//
//
//
//
//
//
//
//
//
//

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motions to dismiss, *see* Dkt. Nos. 58, 60, 76, with leave to amend. The Clerk is directed to **TERMINATE** all other outstanding motions to dismiss, *see* Dkt. Nos. 25, 36, 37, 38, as moot.

Should Plaintiff wish to amend her complaint, she must do so by filing a new complaint by March 26, 2019. If Plaintiff does not file an amended complaint by that date, the Court may dismiss the action with prejudice without further notice. Plaintiff is reminded that she must plead specific and particular facts to support her claims.

The Court again advises Plaintiff that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to *pro se* litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal Help Center in San Francisco or Oakland, or (2) calling (415)782-8982 or emailing federalprobonoproject@sfbar.org. The Court strongly encourages Plaintiff to take advantage of this resource.

**IT IS SO ORDERED.**

Dated: 2/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge