UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA RENA FINLEY, <br> Plaintiff, <br> v. <br> TRANSUNION, et al., <br> Defendants. | Case No. 17-cv-07165-HSG <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 83, 84, 85 |

Plaintiff LaTonya R. Finley ("Plaintiff"), proceeding *pro se*, alleged that Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Plaza Services, LLC ("Plaza"), and Southwest Credit Systems, L.P. ("Southwest") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and related state laws. *See* Second Amended Complaint ("SAC"), Dkt. No. 82.

All five Defendants moved to dismiss the SAC. *See* Dkt. Nos. 83, 84, 85. The Court has reviewed Plaintiff's opposition, Dkt. No. 87, Defendants' replies, Dkt. Nos. 86, 88, 89, 90, and Plaintiff's supplemental memorandum, Dkt. No. 91. The Court held a hearing on the motions, *see* Dkt. No. 98, at which it explained that Plaintiff's amended complaint failed to plead facts sufficient to support her claims but said that it would allow Plaintiff one more opportunity to amend her complaint. Therefore, the Court **GRANTS** the motions to dismiss with leave to amend.[1]

//

//

---

[1] On July 17, the Court granted a stipulation between Plaintiff and Southwest to dismiss Southwest with prejudice. *See* Dkt. No. 100.

## I. BACKGROUND

### A. First Motions to Dismiss

On February 26, 2019, the Court granted Defendants' motions to dismiss, finding that Plaintiff had failed to meet the pleading standard. *See* Dkt. No. 80. The Court granted leave to amend and reminded Plaintiff that "she must provide specific facts to support each of her causes of action" and should "clearly distinguish between Defendants in her complaint." *Id.* at 10. For example, the Court advised Plaintiff that "she should provide specific facts about what the alleged debt is, how the information in her credit file is inaccurate, how she disputed the alleged debt with Defendant [Credit Report Agencies], and whether Defendant [Credit Reporting Agencies] provided notice of those disputes to Plaza and Southwest." *Id.* at 5.

### B. Allegations in the Second Amended Complaint

Plaintiff's second amended complaint contains similarly conclusory allegations as her dismissed complaint. *Compare* SAC *with* Dkt. No. 51. Plaintiff alleges that Defendants "furnished inaccurate information within plaintiff's credit file for the purpose of discrediting plaintiff's ability to pay and creating [an] inescapable economic trap." SAC ¶ 4. She alleges that Southwest and Plaza "took an aggressive approach to collect a debt in which each of these defendants knew they were not entitled to collect" and that Experian, Equifax, and Trans Union "without notice or investigation, placed the inaccurate information within plaintiff's credit file," thereby "discrediting plaintiff's[] credit worthiness, credit standing, credit capacity, character, general reputation, and quality of life." *Id.* ¶ 5. Plaintiff alleges that Defendants "failed to maintain Plaintiff's credit account with maximum accuracy," *id.* ¶ 6, causing her financial, mental, and emotional harm, *id.* ¶ 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

2

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### III. DISCUSSION

Despite the direction provided by the Court in the prior order granting Defendants' motions to dismiss, Plaintiff has not added factual allegations to her complaint sufficient to survive a motion to dismiss. However, based on the discussion at the hearing and Plaintiff's proffered evidence, the Court will allow Plaintiff one more opportunity to amend her complaint to add specific factual allegations supporting her claims.

Plaintiff alleges that Experian, Equifax, and Trans Union violated Section 1681e(b) of the

FCRA when they failed to "assure maximum possible accuracy of Plaintiff's credit report." SAC ¶ 20. And she alleges that Southwest and Plaza failed to conduct an investigation, SAC ¶ 21, which the Court construes as alleging a violation of Section 1681s–2 of the FCRA.

But Plaintiff has not alleged any facts to support her claims. Rather, she has put forth conclusory statements, which the Court cannot accept as true. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. For example, Plaintiff alleges that Defendants "recklessly failed to follow reasonable procedure[s]," "furnished inaccurate information," "took an aggressive approach," refused "to correct inaccurate, incomplete or unverifiable information," and acted willfully or with malice. *See* SAC ¶¶ 1–13. Nowhere does Plaintiff explain what procedures were not followed, what this inaccurate information consisted of, what actions Defendants took that were aggressive, or even what the debt was. The allegations supporting the state law causes of action are similarly conclusory recitation of the elements.

The conclusory allegations in the complaint do not provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (internal quotation omitted). Because the amended complaint lacks "sufficient facts to support a cognizable legal theory," *Mendiondo*, 521 F.3d at 1104, the Court must grant the motions to dismiss.

That said, based on Plaintiff's status as a *pro se* litigant and the discussion at the hearing, the Court will give Plaintiff a last opportunity to amend her complaint to add more facts. As the Court previously advised Plaintiff, "she should provide specific facts about what the alleged debt is, how the information in her credit file is inaccurate, how she disputed the alleged debt with Defendant [Credit Report Agencies], and whether Defendant [Credit Reporting Agencies] provided notice of those disputes to Plaza and Southwest." Dkt. No. 80 at 5. In addition, Plaintiff should plead the facts she proffered to the Court about her credit file being combined with that of her daughter, as well as her communications with the Defendants (including the dates, method, and content of any communication). Though Plaintiff should continue to state the legal claims and causes of action in her complaint, she should also tell her story of what happened factually so that the Court can assess whether the facts in the complaint can support her legal claims. The Court

4

reminds Plaintiff that she must plead all relevant facts in the complaint itself, and that she may not rely on her briefs or statements in court to meet the pleading requirements.

## IV. CONCLUSION

Because the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, the Court **GRANTS** the motions to dismiss with leave to amend. Any amended complaint must be filed by August 15 and may not add any Defendants or claims. Further, given the dismissal with prejudice of Southwest, Plaintiff may not plead any claims against Southwest.

Finally, the Court reminds Plaintiff that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to *pro se* litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal Help Center in San Francisco or Oakland, or (2) calling (415)782-8982 or emailing federalprobonoproject@sfbar.org. The Court strongly encourages Plaintiff to take advantage of this resource.

**IT IS SO ORDERED.**

Dated: 7/18/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge