UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA RENA FINLEY,<br>　　　　Plaintiff,<br>　　v.<br>TRANSUNION, et al.,<br>　　　　Defendants. | Case No. 17-cv-07165-HSG<br>**ORDER GRANTING MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 103, 105 |

Pending before the Court are motions to dismiss Plaintiff Latonya Rena Finley's third amended complaint, filed by Defendant Plaza Services LLC, *see* Dkt. No. 103, and Defendants Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services LLC (collectively, "Consumer Reporting Agencies" or "CRAs"), *see* Dkt. No. 105. The Court held a hearing on January 23, 2020. For the reasons detailed below, the Court **GRANTS** the motions to dismiss.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against Defendants on December 18, 2017, alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and related state laws, based on a disputed debt that remains on Plaintiff's credit report. *See* Dkt. No. 1. Plaintiff filed her first amended complaint on April 27, 2018. *See* Dkt. No. 51 ("FAC"). On February 26, 2019, the Court granted Defendants' motions to dismiss the FAC, finding that Plaintiff had failed to meet the pleading standard for each of her claims. *See* Dkt. No. 80. The Court nevertheless granted leave to amend and reminded Plaintiff that "she must provide specific facts to support each of her causes of action" and should "clearly distinguish between Defendants in her complaint." *Id.* at 10. The Court further explained that Plaintiff "should

1  provide specific facts about what the alleged debt is, how the information in her credit file is
2  inaccurate, how she disputed the alleged debt with [the Consumer Report Agencies], and whether
3  [the Consumer Reporting Agencies] provided notice of those disputes to Plaza [Services] . . . ."
4  *Id.* at 5.

Plaintiff filed a second amended complaint on March 24, 2019. *See* Dkt. No. 82 ("SAC"). Again, the Court granted Defendants' motions to dismiss the SAC, explaining that Plaintiff's second amended complaint still failed to provide the necessary factual detail sufficient to survive a motion to dismiss. *See* Dkt. No. 101. The Court again directed Plaintiff to file an amended complaint and "plead the facts she proffered to the Court [during the hearing on the motion to dismiss] about her credit file being combined with that of her daughter, as well as her communications with the Defendants (including the dates, method, and content of any communication)." *See id.* at 4. The Court cautioned that "[t]hough Plaintiff should continue to state the legal claims and causes of action in her complaint, she should also tell her story of what happened factually so that the Court can assess whether the facts in the complaint can support her legal claims." *Id.*

Plaintiff filed her third amendment complaint on August 13, 2019. *See* Dkt. No. 102 ("TAC"). Defendants have all moved to dismiss the TAC, arguing that Plaintiff still has not addressed the deficiencies that the Court previously identified. *See* Dkt. Nos. 103, 105.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

## III. DISCUSSION

In the TAC, Plaintiff again alleges that Defendants violated the FCRA and related state law claims when Defendant Plaza Services "misrepresented the amount of the debt" Plaintiff owed it and reported to the Consumer Reporting Agencies that she "owed a debt in the amount of over $100.00." *See* TAC at ¶ 1. Plaintiff alleges that she mailed Defendants a letter "asking that the debt be validated." *See id.* at ¶ 2. However, the letter to Defendant Equifax was returned to sender, and Defendants Plaza Services, Trans Union, and Experian "never responded with any information that will hold plaintiff liable [for] any debt." *See id.* Plaintiff further alleges that she "refused to make payment to the bogus debt," but Defendant Plaza Services continued to collect the alleged debt and reported it to the Consumer Reporting Agencies. *See id.* at ¶¶ 2–3. Based on the allegations, Plaintiff contends that Defendants failed to investigate her disputes properly and took "aggressive actions" against her. *Id.* at ¶¶ 3–4. The Court finds that these allegations are still insufficient even at the motion to dismiss stage.

3

### A. Plaza Services

Plaintiff first alleges a claim against Defendant Plaza Services under Section 1681s-2 of the FCRA as a "furnisher" that provided inaccurate information to consumer reporting agencies. *See, e.g.*, TAC at ¶ 14. "To ensure that credit reports are accurate, the FCRA imposes duties on entities called 'furnishers,' which are the sources that provide credit information to credit reporting agencies." *Snyder v. Nationstar Mortg. LLC*, No. 15-CV-03049-JSC, 2015 WL 7075622, at *3 (N.D. Cal. Nov. 13, 2015) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009)). Under the statute, furnishers have a duty to conduct an investigation into the accuracy of reported information after receiving notice of a dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1); *see also* 15 U.S.C. § 1681i(a)(2). "[I]f an item of information disputed by a customer is found to be inaccurate or incomplete" following an investigation, the furnisher must modify, delete or block reporting of that information. *See* 15 U.S.C. § 1681s-2(b)(1). Critically, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under [Section 1681s-2(b)]." *Gorman*, 584 F.3d at 1154.

In her third amended complaint, Plaintiff has identified the disputed debt as "a debt in the amount of over $100.00 to [Defendant Plaza Services]." *See* TAC at ¶ 1. Plaintiff indicates that she asked Defendant Plaza Services by letter to "validate[]" the debt, but that it "never responded with any information that will hold plaintiff liable" for it. *See id.* at ¶ 2. But Plaintiff does not allege that the Consumer Reporting Agencies notified Defendant Plaza Services of any dispute. Plaintiff's complaint does not even disclose the content of the letter(s) that she sent to Defendants. Even assuming Defendant Plaza Services had been notified of the dispute as required under the statute, Plaintiff's allegation that Defendant Plaza Services "failed to conduct a proper and lawful reinvestigation" of the debt, *see* TAC at ¶ 18, is still conclusory and lacks sufficient factual support. Without more detail about how Defendant Plaza Services has allegedly failed to fulfill its duties under Section 1681s–2, there is insufficient "factual content" for the Court to "draw the reasonable inference" that Defendant Plaza Services is liable for violating the FCRA. *See Iqbal*, 556 U.S. at 678. Thus, Plaintiff's Section 1681s–2 claim fails because Plaintiff has not pled

sufficient facts to establish that Defendant Plaza Services engaged in inaccurate credit reporting.

### B. Consumer Reporting Agencies

Plaintiff next alleges that Defendants Experian, Equifax, and Trans Union violated Section 1681e(b) of the FCRA by "fail[ing] to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report" and "fail[ing] to conduct a proper and lawful reinvestigation." *See* TAC at ¶¶ 17–18. Plaintiff's allegation mirrors the language of Sections 1681e(b) and 1681i. Section 1681e(b) requires consumer reporting agencies to prepare consumer reports using "reasonable procedures to assure maximum possible accuracy." *See* 15 U.S.C. § 1681e(b). Section 1681i, on the other hand, requires consumer reporting agencies to "conduct a reasonable reinvestigation" into consumer disputes of inaccurate information. 15 U.S.C. § 1681i.

Here, Plaintiff's claim under Section 1681e(b) fails because Plaintiff still has not provided factual support explaining what reasonable procedures the Consumer Reporting Agencies failed to follow in reporting the disputed debt. Plaintiff characterizes the debt as "bogus," but she does not explain why she believes it is bogus, or why the Consumer Reporting Agencies should have known this when preparing a consumer report. *See, e.g.*, TAC at ¶ 2. Similarly, Plaintiff's claim under Section 1681i fails because Plaintiff has not alleged how the Consumer Reporting Agencies failed to properly investigate the disputed debt. Although she alleges that she mailed them a letter, *see id.* at ¶ 2, she does not provide the detail that the Court indicated was important, including when she communicated with them, what she said in the letter, and how they responded. *See* Dkt. No. 101 at 4. Significantly, Plaintiff appears to acknowledge that at least the letter to Defendant Equifax was "returned back to sender." *See* TAC at ¶ 2. There are thus no allegations that Defendant Equifax was ever aware of a disputed debt. *See* 15 U.S.C. § 1681i(a)(1)(A) (to establish a Section 1681i claim, a consumer must allege facts showing that she notified the Consumer Reporting Agencies "directly" of the dispute). As to the other Defendants, Plaintiff suggests that their responses were insufficient as they "never responded with any information that will hold plaintiff liable [for] any debt," *id.*, but she does not explain what, if anything, they did provide her, or what more they should have done. Plaintiff again simply alleges that Defendants "failed to properly investigate the account in response to her disputes," *see id.* at ¶ 4, but she does

not explain *how* they failed to properly investigate. Without these facts, Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

* * *

As before, Plaintiff has also not amended her state law claims against the Defendant to add any additional allegations, and they continue to contain conclusory recitations of the elements. They too fail to provide Defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and the Court finds that dismissal is warranted. *See id.* 555 (quotation omitted).

## IV.  CONCLUSION

The Court has provided Plaintiff with multiple opportunities to amend her complaint to state a claim under the FCRA, and has repeatedly encouraged Plaintiff to seek assistance with her case through the Legal Help Center. *See, e.g.*, Dkt. Nos. 75 at 2, 80 at 10–11, 101 at 5. However, as explained above, Plaintiff's TAC still fails to plead facts with sufficiently particularity to support her claims.

While leave to amend should be liberally granted, dismissal with prejudice is warranted when any amendment would be futile, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998), or when the plaintiff has repeatedly failed to cure deficiencies in previous amendments, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, over two years after initiating this action, Plaintiff has had three opportunities to amend her complaint but has failed to cure the deficiencies the Court identified. The Court finds that Plaintiff's repeated failure to cure these deficiencies indicates that granting leave to amend would be futile. The Court therefore **GRANTS** the motions to dismiss without leave to amend. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 1/24/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

6